O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ABZ, Inc., | ) | Case No. CV 14-00173  DDP (PLAx) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER TO SHOW CAUSE WHY THIS** |
| v. | ) | **ACTION SHOULD NOT BE DISMISSED** |
| | ) | **FOR LACK OF SUBJECT MATTER** |
| BP WEST COAST PRODUCTS LLC, | ) | **JURISDICTION** |
| a California limited | ) | |
| liability company; RETALIX | ) | |
| LTD., an Israeli Business, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

The court orders Defendants to show cause why this action should not be dismissed for lack of subject matter jurisdiction. Defendants removed the Complaint to this court on January 8, 2014, asserting jurisdiction under the Class Action Fairness Act ("CAFA"). Under 28 U.S.C. § 1332(d), federal courts have original jurisdiction over class actions in which the amount in controversy exceeds $5 million, and in which any of the members of a class of plaintiffs is a citizen of a state different from any defendant. A "mass action shall be deemed to be a class action removable under [CAFA when] . . . the monetary relief of 100 or more persons are

proposed to be tried jointly . . . ."  28 U.S.C. § 1332(d)(11)(B).
The term "mass action" shall not include any civil action in which
"the claims have been consolidated or coordinated solely for
pretrial proceedings." 28 U.S.C. § 1332(d)(11)(B)(ii)(IV).

Here, the Complaint lists fewer than 100 plaintiffs.
Defendant contends that there are, nevertheless, more than 100
parties to this lawsuit by because in state court, Plaintiffs in
this case and a separate case, <u>Aurora Minimart Inc. v. BP West
Coast Products LLC</u>, filed a Joint Opposition to Defendants' state
court Motion for Entry of Case Management Order in state court.
(Notice of Removal ¶ 5; Ex. 11).  It is unclear to this court how
that joint opposition constitutes a proposal to try more than 100
plaintiffs' cases jointly.  Indeed, motion-related arguments appear
to have contemplated a joint trial of sixty plaintiffs at most.
The court is also mindful that, under CAFA, mass actions do not
include matters which have been consolidated or coordinated solely
for pretrial purposes.  28 U.S.C § 1332 (d)(11)(B)(ii)(IV).

Accordingly, the court orders Defendants to file a brief, not
to exceed ten pages, within 10 days of the date of this order,
showing why this action should not be dismissed for lack of
jurisdiction.  Defendant should also deliver a courtesy copy to
chambers, Room 244-J, Second Floor, 312 N. Spring Street, Los
Angeles.  The court will regard any failure to file an explanatory
brief as consent to dismissal of this matter.

IT IS SO ORDERED.

Dated: February 7, 2014

DEAN D. PREGERSON
United States District Judge

2